O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| KELLY GOODWIN, | ) | Case No. CV 07-5237-MLG |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration, | ) | |
| Defendant. | ) | |

**I.   Factual and Procedural Background**

This is an action for judicial review of the Commissioner's final decision denying Plaintiff Kelly Goodwin's application for disability insurance benefits and supplemental security income benefits under 42 U.S.C. §§ 416(i), 423. Plaintiff was born on July 10, 1958 and has a high school education. (Administrative Record ("AR") 16.) Plaintiff alleges that she is disabled due to arthritis and pain in her left ankle. She fractured the ankle in 1993. (AR 1993.) It was surgically repaired with plates and screws, which were removed in subsequent surgeries. (AR 16.) Plaintiff has past relevant work as a licensed child care provider. (AR 16, 242.) She last worked in 2003. (AR 16.)

Plaintiff applied for disability benefits on May 19, 2004, alleging that she had been unable to work since December 1, 2003. (AR 15.) Her claim was denied initially and on reconsideration. (AR 15.) At a hearing held before Administrative Law Judge Helen E. Hesse on October 18, 2006, Plaintiff appeared with counsel and testified. (AR 15.) Stephen Berry, a vocational expert, and Joseph Jensen, M.D., a medical expert, also testified at the hearing. (AR 15.)

In a decision dated October 27, 2006, ALJ Hesse determined that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 21.) ALJ Hesse found that Plaintiff's symptoms did not meet an impairment listed in 20 C.F.R., Part 404, Subpart P, Appx 1. (AR 20.) ALJ Hesse further found that Plaintiff could not perform her past work but had the residual functional capacity ("RFC") to perform a significant range of light work:

> [S]he can sit without restrictions, stand and walk 4 hours in an 8 hour day, changing positions briefly each hour. She should avoid uneven terrain. She should use a cane for ambulation outside her immediate work area. She can lift and carry 20 pounds occasionally, 10 pounds frequently. She is limited to occasional use of the left lower extremity for pushing and pulling of foot controls. She can occasionally climb stairs, bend, balance, stoop, kneel, crouch and crawl. She is precluded from climbing ladders or scaffolding. She is precluded from unprotected heights, dangerous or fast moving machinery.

(AR 20-21.) ALJ Hesse also found that there were a significant number of jobs in the national economy that an individual with Plaintiff's RFC could perform. (AR 21.)

On June 22, 2007, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 4.)

Plaintiff filed this action on June 27, 2007. Plaintiff claims: (1) that she meets Listing 1.00B2; and (2) that the ALJ failed to provide clear and convincing reasons to reject her subjective complaints of pain and limitations in determining that she is capable of work. (Joint Stipulation ("JS") at 4.) Plaintiff seeks an award of disability benefits, or, in the alternative, remand to the Social Security Administration for further proceedings. (JS at 13.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007)(quoting *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's

conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion and Analysis**

    **A.    The ALJ's Determination that Plaintiff Does Not Meet or Euqal a Listing Was Proper**

A social security applicant who has an impairment that meets or equals one of the Social Security Administration's listed impairments is considered disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Plaintiff contends that she meets Listing 1.00B, loss of musculoskeletal function.[1] Functional loss includes "the *inability to ambulate effectively* on a sustained basis for any reason, including pain associated with the underlying muculoskeletal impairment" lasting for at least 12 months. (emphasis added). A multitude of definitions and examples illustrate the meaning of "inability to ambulate effectively." It is defined generally as lower extremity functioning that does not "permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(1). It also means "an extreme limitation of the ability to walk" and a serious interference "with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(1). Individuals who ambulate effectively "must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out the activities of daily living," such as traveling without companion assistance to and from places. 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(2).

---

[1] The parties at times incorrectly identify this Listing as 1.02A or 1.02a.

"[E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces..." 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(2).

Plaintiff's argument that she meets Listing 1.00B turns upon one of these examples of ineffective ambulation: inability to walk a block at a reasonable pace on rough or uneven surfaces. Dr. J. Pierce Conaty, an orthopaedist who examined Plaintiff in July 2004, wrote that Plaintiff "would be unable to walk on uneven terrain." (AR 124.) At the hearing, Dr. Jensen testified that Plaintiff "would be unable to ambulate on uneven terrain." (AR 234.) Dr. Jensen nevertheless found that Plaintiff did not meet Listing 1.00B because she could ambulate effectively otherwise. (AR 233, 234.) Plaintiff's counsel challenged Dr. Jensen to explain this conclusion in light of his statement regarding uneven terrain. (AR 235.) Dr. Jensen explained that because Plaintiff was able to ambulate effectively with a single cane, she did not meet the listing definition of ineffective ambulation. (AR 235.) He cited the listing provision defining ineffective ambulation to include the "use of a hand-held assistive device(s) that limits the functioning of both upper extremities."[2] (AR 235.) Assuming that most of Plaintiff's ambulation would be on a paved surface, Dr. Jensen believed that she "might have difficulty on a plowed field or something with excessive amount of debris or rocks or so forth." (AR 236.) He also thought that she would be "prophyla[c]tically precluded from walking on very uneven surface [sic]." (AR 236.)

//

---

[2] 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(1).

Substantial evidence supports the ALJ's determination that Plaintiff does not meet the listing. Both Dr. Jensen and Dr. Conaty found Plaintiff capable of effective ambulation as set out in Listing 1.02B. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 2000)(even a non-examining physician's opinion can constitute substantial evidence when supported by other evidence in the record). At the hearing, Dr. Jensen appropriately and accurately relied on one of the listing provisions to explain why Plaintiff could ambulate effectively. Further, Dr. Jensen determined that Plaintiff could perform work involving standing and walking for four hours per day while Dr. Conaty determined that Plaintiff could perform such work for six hours per day. (AR 124, 254.) These findings are inconsistent with the meaning of ineffective ambulation in the listings, which is defined as "an extreme limitation of the ability to walk" and a serious interference "with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R., Part 404, Subpart P, Appx 1., 1.00B2b(1). Finally, the doctors' conclusions that Plaintiff is unable to walk on uneven terrain do not specifically show that Plaintiff cannot walk a block on rough or uneven surfaces. As Dr. Jensen's explanation concerning a plowed field and "prophylactic[]" statement illustrates, such evaluations outlined the limitations on the type of work Plaintiff should perform, not her absolute physical limitations.[3] Substantial evidence supports the ALJ's determination that Plaintiff did not meet any listing, including Listing 1.02B. Plaintiff is not entitled to relief on this claim.

//

---

[3] This was echoed in the ALJ hearing decision: "She should avoid uneven terrain." (AR 20.)

**B.  The ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons to reject her subjective complaints of pain and limitatiions. At the hearing, Plaintiff testified that the pain in her ankle was worsening over time. (AR 244.) Her worsening pain caused her to limit her movements and the amount of time she spent standing, each of which increases her pain. (AR 245, 250.) She has taken only over-the-counter painkillers like aspirin and ibuprofen to deal with the pain.[4] (AR 244.) She also suggested that she could at times benefit from a walker, rather than a cane, because of the difficulty associated with standing up from a sitting position. (AR 250.) Finally, she said that "it would be a good day" if she could walk a block before having to stop because of the pain. (AR 251.)

The ALJ gave the following reasons for rejecting Plaintiff's assertion that she cannot work due to her subjective symptoms:

> [T]he undersigned notes the claimant worked for 10 years after her left ankle fracture. She worked as a day care provider taking care of up to 6 children. She only quit to have her surgery in December, 2003. There is no objective evidence of any impairment other than her left ankle injury. Her mental status exam was essentially normal. Moreover, the claimant testified that she could do shopping without assistance, and was able to ambulate with the use of a cane. ... Additionally, the claimant testified that she has not seen a doctor since 2005 and is only taking over-the-counter medications. The

---

[4] But she testified that at the time of the hearing she lacked health insurance. (AR 245.)

>claimant has not required extended periods of hospital confinement, emergency room treatment, use of a TENS unit, participation in a pain control clinic, or other extensive or significant forms of treatment commonly prescribed for intense pain. ... At the hearing, the claimant's thoughts did not seem to wander and all questions were answered alertly and appropriately. ... Accordingly, the undersigned concludes the claimant's testimony and evidence, although appearing sincere, is not fully credible regarding the extent, intensity and duration of the alleged subjective symptoms and functional limitations and restrictions.

(AR 18.)

The ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony."[5] *Bunnell v. Sullivan*, 947 F.2d 341,

---

[5] Social Security Regulation 96-7p identifies the types of evidence that may be used, in addition to the objective medical evidence, to assess a claimant's credibility:
1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

8

345-46 (9th Cir. 1991)(en banc); *see also* 42 U.S.C. § 405(g)("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") The ALJ specifically identified aspects of Plaintiff's condition that were inconsistent with the claim that her pain prevented her from working at all. The ALJ properly considered the fact that Plaintiff had worked for ten years after her ankle injury. *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)(considering fact of prior employment in the credibility determination). The ALJ also properly noted that Plaintiff was able to engage in several activities of daily living, including walking with a cane, shopping and driving. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)("The ALJ was permitted to consider daily living activities in his credibility analysis.") The ALJ's consideration of the absence of corroborative, objective medical findings was also valid. *See Wainright v. Secretary of HHS*, 939 F.2d 680, 682 (9th Cir. 1991). It is clear that the ALJ "rejected [Plaintiff's] testimony on permissible grounds and did not arbitrarily discredit" that testimony. *Bunnell*, 947 F.2d at 345-46. Plaintiff is not entitled to relief on this claim.

//
//
//
//
//
//
//

---

SSR 96-7p, 1996 WL 374186, at * 3.

**IV. Conclusion**

For the reasons stated above, the Commissioner's final decision is **AFFIRMED** and the action is **DISMISSED.**

DATED: June 4, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge